UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-62466-WILLIAMS/VALLE

TAMARA WAREKA aka
TAMARA WILLIAMS,

    Plaintiff,
v.

FACES BY FRANCESCA, LLC

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court upon Plaintiff's Motion for Default Judgment (ECF No. 10) (the "Motion"). United States District Judge Kathleen Williams referred the Motion to the undersigned for a Report and Recommendation. (ECF No. 11). Upon review of the Motion and being duly advised on the matter, the undersigned recommends that the Motion be **GRANTED IN PART**.

### I.    BACKGROUND

**A. The Complaint**

On December 2, 2020, Plaintiff filed a Complaint against Defendant Faces by Francesca, LLC ("Defendant") alleging violations of the Copyright Act, 17 U.S.C. § 101 *et seq*. *See generally* (ECF No. 1). More specifically, the Complaint alleges that Plaintiff is the sole author and exclusive rights holder to a photograph of the left side of a woman's face (the "Image"), which she registered with the U.S. Copyright office. *Id.* ¶¶ 12, 13. Defendant made an unauthorized copy of the Image and uploaded it to its Yelp server profile (the "Infringing Post"). *Id.* ¶¶ 14, 16. According to the Complaint, Plaintiff never authorized Defendant to use the Image in any manner and Defendant knew that it did not have permission to use the Image on Defendant's Website. *Id.* ¶¶ 17, 18.

### B. Procedural History

On December 16, 2020, Defendant was properly served with the summons and Complaint. (ECF No. 7). Although properly served, Defendant did not answer or otherwise respond to the Complaint. Accordingly, on February 12, 2021, the Clerk entered default against Defendant. (ECF No. 9). The instant Motion followed. (ECF No. 10).

## II.  LEGAL STANDARD

Under Fed. R. Civ. P. 55(b)(2), this Court may enter a final judgment of default against a defendant who has failed to plead in response to a complaint. A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact [in the complaint], is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quoting *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).[1] "Although a plaintiff generally does not need to include detailed allegations in the complaint, the plaintiff must assert more than just conclusory statements or a 'formulaic recitation of the elements of a cause of action.'" *Childs v. Commercial Recovery Sys., Inc.*, No. 13-CV-21923, 2014 WL 12860594, at *2 (S.D. Fla. Feb. 24, 2014) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

Because a defendant admits only those facts that are well pled, the default itself does not create the basis for entry of final default judgment. *Nishimatsu*, 515 F.2d at 1206; *Childs*, 2014 WL 12860594, at *1 (a motion for default judgment "is not granted as a matter of right"). Instead, a court must determine whether the factual allegations are well-pled and provide a sufficient basis for the judgment. *Nishimatsu,* 515 F.2d at 1206; *see also Grant v. Wash. Recovery Servs., LLC*, No. 13-CV-62216, 2014 WL 11706459, at *2 (S.D. Fla. Jan. 29, 2014). Moreover, a defaulting defendant does

---

[1] Pursuant to *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), opinions of the Fifth Circuit issued prior to October 1, 1981 are binding precedent in the Eleventh Circuit.

not admit allegations that are mere conclusions of law. *Transamerica Corp. v. Moniker Online Servs., LLC*, No. 09-CV-60973, 2010 WL 1416979, at *1 (S.D. Fla. Apr. 7, 2010) (citing *Nishimatsu*, 515 F.2d at 1206); *see also Childs*, 2014 WL 12860594, at *1. Lastly, before entering a default judgment, the Court must ensure that it has jurisdiction over the claims. *Innovative Sports Mgmt., Inc. v. Sulca*, No. 20-CV-20203, 2020 WL 3183243, at *2 (S.D. Fla. June 15, 2020) (citing *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007)).

### III.   DISCUSSION

#### A.   Jurisdiction and Venue

This is an action for injunctive relief and statutory damages for copyright infringement under the Copyright Act, in violation of 17 U.S.C. § 101. (ECF No. 1 ¶ 1). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. § 101, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a). Moreover, Defendant is subject to personal jurisdiction in this District based on Plaintiff's allegations that Defendant transacts business in Florida, has its principal place of business in Florida, and the activities giving rise to the Complaint occurred in Broward County, Florida. *Id.* ¶¶ 3, 6.

Venue is also proper in this Court pursuant to 28 U.S.C. § 1391 because: (i) Defendant's alleged principal place of business is in Broward County, Florida; and (ii) Defendant allegedly published, communicated, posted, publicized, and otherwise held out the Image to the public for commercial benefit by using it in the Infringing Post on Defendant's Website without Plaintiff's consent or authority. *Id.* ¶¶ 4, 6, 22.

#### B.   The Complaint Adequately Alleges Claims for which Relief May Be Granted

Plaintiff alleges copyright infringement under 17 U.S.C. § 101. *See generally* (ECF No. 1). To establish copyright infringement, a plaintiff must establish: (i) "ownership of a valid copyright; and (ii) copying of constituent elements of the work that are original." *Sanrio Co., Ltd. v. Sommer's*

*Ent. LLC*, No. 18-CV-22177, 2019 WL 2010249, at *2 (S.D. Fla. Mar. 21, 2019) (quoting *Baby Buddies, Inc. v. Toys "R" US, Inc.*, 611 F.3d 1308, 1315 (11th Cir. 2010)).

Plaintiff alleges she is the sole author and exclusive rights holder to the Image. (ECF No. 1 ¶ 12). Plaintiff registered the Image pursuant to 17 U.S.C. § 411(a) and was issued a Certificate of Registration on August 2, 2018. *See* (ECF Nos. 1 ¶ 13, 10 at 5). As the holder of the rights, Plaintiff did not consent, authorize, permit, and allow the use of the Image. (ECF No. 1 ¶ 21). Defendant, however, allegedly published, communicated, posted, publicized, and otherwise held out the Image to the public for commercial benefit by using it on Defendant's Website without Plaintiff's consent or authority. *Id.* ¶ 22.

Against this factual backdrop, the undersigned concludes that Plaintiff has sufficiently stated a claim for copyright infringement against Defendant.

### C.   Remedies Available to Plaintiff

"Although a defaulted defendant admits well-pleaded allegations of liability, allegations relating to the amount of damages are not admitted by virtue of default. Rather, the Court determines the amount and character of damages to be awarded." *Montgomery v. Fla. First Fin. Grp., Inc.*, No. 06-CV-1639-OrL-31KRS, 2008 WL 3540374, at *4 (M.D. Fla. Aug. 12, 2008). In doing so, the Court need not conduct an evidentiary hearing on the issue of damages where there is sufficient evidence on the record, such as affidavits and declarations, to support the relief sought. *Chanel, Inc. v. Sea Hero,* 234 F. Supp. 3d 1255, 1263 (S.D. Fla. 2016); *see also Morsillo v. Progressive Fin. Servs., Inc.*, No. 18-CV-60658, 2018 WL 2304747, at *1 (S.D. Fla. May 21, 2018) ("In issuing a default judgment, a court may award damages 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' as long as 'all essential evidence is already of record.") (citing *S.E.C. v. Smyth*, 420 F.3d 1225, 1231 n.13 (11th Cir. 2005)). As discussed

more fully below, Plaintiff has presented sufficient evidence to support the award of damages and attorney's fees and costs.

   *1.   Statutory Damages*

Under 17 U.S.C. § 504(c), an aggrieved party may recover between $750 to $30,000 in statutory damages for each violation of § 101. 17 U.S.C. § 504(c)(1). In addition, if the Court finds that the violation was committed willfully, the Court, in its discretion, may increase the award of damages to a total of no more than $150,000. *Id.* § 504(c)(2). Here, because Defendant's copyright violations are deemed admitted, Plaintiff is entitled to statutory damages in the amount set forth below.

Plaintiff requests an award of $32,500 in statutory damages (five times the average of Plaintiff's comparable licensing fees). *See* (ECF No. 10 at 8). The undersigned has "broad discretion" in determining an award of statutory damages for copyright infringement. *Joe Hand Promotions, Inc. v. Santana,* No. 19-CV-116-OrL-37GJK, 2019 WL 6134420, at *5, *report and recommendation adopted,* 2019 WL 6133737 (M.D. Fla. Nov. 19, 2019). Among factors to consider in determining an award of damages are the: (i) costs saved and profits reaped by infringer; (ii) revenues lost by the copyright holder as a result of the infringement; and (iii) infringer's state of mind, whether willful, knowing, or innocent. *Sanrio*, 2019 WL 2010249, at *5. Moreover, willful infringement of copyright may be inferred from a defendant's default on a complaint. *See Arista Records Inc. v. Beker Enters., Inc*, 298 F. Supp. 2d 1310, 1313 (S.D. Fla. 2003).

Here, the undersigned recommends that Plaintiff be awarded a total of $22,500 in statutory damages, based on three times the $7,500 average comparable licensing fee for the infringement violation.[2] *See, e.g., Santana,* 2019 WL 6134420, at *5 (concluding that awarding the high range of

---

[2] According to Plaintiff's counsel's, Plaintiff's licenses for comparable work generally range from $3,500 to $11,500. (ECF No. 10-1 at 3). Thus, the average comparable licensing fee would be $7,500.

5

a licensing fee with treble damages was sufficient to prevent unjust enrichment, repair injury, and deter future wrongful conduct); *Major Bob Music v. Stubbs*, 851 F. Supp. 475, 481 (S.D. Ga. 1994) (noting that three times the value of what defendant would have paid is a modest award); *see also Barnstormers, Inc. v. Wing Walkers, LLC*, 2011 U.S. Dist. LEXIS 47143, at *15 (W.D. Tex. May 3, 2011) ("[I]n light of plaintiff's $6,000 in actual damages and defendants' willful conduct, the Court finds a just award of statutory damages to be three times plaintiff's actual damages, or $18,000").

### 2. Attorneys' Fees and Costs Generally

Additionally, Plaintiff seeks $2,100 in attorney's fees and $187.50 in paralegal fees. (ECF No. 10 at 9). Under the "American Rule," litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contract. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, however, the Copyright Act provides for an award of "full costs," including reasonable attorney's fees to the prevailing party. *See* 17 U.S.C. § 505 (authorizing the award of fees and costs to the prevailing party). Accordingly, as the prevailing party by default final judgment, Plaintiff is entitled to an award of reasonable attorneys' fees and costs. *See, e.g., Arista,* 298 F. Supp. 2d at 1316 (noting that courts regularly award attorney's fees and costs upon default judgment in copyright infringement cases).

In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Norman*, 836 F.2d at 1299). The "'fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.'" *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

6

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis" or "reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *16-17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

*a. Reasonable Hourly Rates*

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The relevant market is "the place where the case is filed." *ACLU*, 168 F.3d at 427 (quotations and citations omitted). Here, the relevant legal community is South Florida.

Plaintiff seeks an award for legal services by attorney Melissa Higbee, at an hourly rate of $350. (ECF No. 10-1 ¶ 14). Plaintiff also seeks an award for paralegal fees, at an hourly rate of $125. *Id.* ¶ 15. Although attorney Higbee did not provide information regarding her educational and professional background, *see generally* (ECF No. 10), the undersigned's review of the Florida Bar website confirms that attorney Higbee graduated from University of Utah S.J. Quinney College of Law in 2005, and is an attorney at Higbee & Associates. State Bar of Florida, Member Profile of Melissa Ann Higbee, https://www.floridabar.org/directories/find-mbr/profile/?num=62465 (last

visited October 18, 2021). Attorney Higbee is a member of the Florida Bar and the Bar of this District. (ECF No. 10-1 ¶ 1).

The Court has considered the relevant factors under *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors"),[3] the Court's own knowledge and experience, and has reviewed counsel's declaration and the record in this case. *See Loranger*, 10 F.3d at 781 (the court may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value (quoting *Norman*, 836 F.2d at 1303); *see also* (ECF No. 10). Based on this review and the Court's own judgment and expertise, the undersigned finds that $350 is a reasonable hourly rate. *See, e.g., Urbanlip.com ltd v. Dress Rehearsal Corp.*, No. 19-CV-61657-RS (ECF Nos. 11, 12, 13) (approving fees for attorney Higbee at $350/hr); *Bait Prods. PTY Ltd. v. Aguilar,* No. 8:13-CV-161-T-31DAB, 2013 WL 5653357, at *7 (M.D. Fla. Oct. 15, 2013) (reducing requested hourly rate from $425 to $300 for attorney with 24 years of experience in "routine default judgment in routine copyright case").

Nevertheless, the undersigned concludes that Plaintiff's request to recover fees for work performed by paralegals should be denied. "A court may award fees for the work of paralegals, but only to the extent they perform work traditionally done by an attorney." *Hansen v. Deercreek Plaza*, LLC, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (quotation marks and citations omitted). However, "work that is clerical or secretarial in nature is not separately recoverable." *Id.* According to the Higbee declaration, the paralegal spent time "reviewing and filing documents." (ECF No. 10-1¶ 15).

---

[3] The *Johnson* factors are: (i) the time and labor required; (ii) the novelty and difficulty of the questions presented; (iii) the skill required to perform the legal service properly; (iv) the preclusion of other employment; (v) the customary fee; (vi) whether the fee is fixed or contingent; (vii) the time limitations imposed by the client or circumstances; (viii) the amount involved and the results obtained; (ix) the experience, reputation and ability of the attorneys; (x) the undesirability of the case; (xi) the nature and length of the professional relationship with the client; and (xii) awards in similar cases. *Penn. v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 562 n.7 (1986).

These tasks appear to be clerical rather than "work traditionally done by an attorney." Moreover, the description lacks sufficient detail to evaluate whether, in fact, these fees would be recoverable as work done by an attorney. Accordingly, the undersigned recommends against an award for fees accrued by the paralegal.

      *b.  Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the number of hours expended by counsel. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotation marks and citations omitted).

Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *ACLU*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33. In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Here, Plaintiff's counsel's declaration summarily lists her fees and costs, *see generally* (ECF No. 10-1), without supportive billing records. Plaintiff requests an award for a total of six hours expended by attorney Higbee (three hours spent preparing the Complaint and attachments and three hours preparing the Motion). (ECF No. 10 ¶ 14). Although Defendant has failed to appear and otherwise object to the Motion, the Court must nonetheless ensure that counsel has exercised billing judgment in the request for fees. *ACLU*, 168 F.3d at 428. After a review of the record in the case and the Motion, the undersigned finds that the hours billed are reasonable. Accordingly, the

9

undersigned recommends that Plaintiff be compensated for six hours of work performed by attorney Higbee at $350/hr.  Thus, Plaintiff should be awarded $2,100 in attorney's fees (6 x $350/hr).

### 3.  Costs

Plaintiff also seeks $457 in costs.  *See* (ECF Nos. 10 at 9, 10-1 ¶ 16).  Rule 54 provides that costs should be allowed to the prevailing party.  Fed. R. Civ. P. 54(d).  Moreover, the Copyright Act provides for an award of "full costs" to the prevailing party.  *See* 17 U.S.C. § 505.  Absent contractual or statutory authority, the particular items that may be taxed as costs are limited to those listed in 28 U.S.C. § 1920, and include, in relevant part: (1) fees of the clerk and marshal; and (2) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case.  28 U.S.C. § 1920(1), (4).  The Court has discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute.  *See, e.g., Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 441-42 (1987).

Here, Plaintiff requests a total reimbursement of $457 in costs, but does not explain nor provide documentation for the requested costs.  *See* (ECF No. 10-1 ¶ 16).  Nevertheless, the record supports recovery of these costs.  More specifically, Plaintiff paid $402 to file the Complaint.  *See* (ECF No. 1).  Plaintiff also served Defendant with the summons and Complaint.  *See* (ECF No. 7). Both types of costs are enumerated in § 1920 as recoverable and would be also recoverable as "full costs" under the Copyright Act.  *See*, 28 U.S.C. § 1920(1) (providing that fees for filing the Complaint are recoverable); *see also Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009) (noting that 28 U.S.C. § 1920(1) permits the court to award fees for private service of process, so long as they do not exceed the fees permitted by the statute, which is set forth in 28 C.F.R. § 0.114, and provides that fees charged by the United Sates Marshals Service for personal service of process are

$65 per hour). Accordingly, Plaintiff should be awarded a total of $457 in costs as the prevailing party.

### E. Entry of a Permanent Injunction

Lastly, Plaintiff seeks permanent injunctive relief under 17 U.S.C. § 502(a). (ECF No. 10 at 9). For a court to grant a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted).

Here, since a default was entered against Defendant, Plaintiff has shown success on the merits. Plaintiff has also presented sufficient evidence that Plaintiff would suffer irreparable harm from a diminished market value of the Image and loss of licensing fees as a result of Defendant's infringement. *See generally* (ECF No. 10). Therefore, the undersigned finds that Plaintiff is entitled to permanent injunctive relief.

## IV.   RECOMMENDATION

Accordingly, for the reasons set forth above, the undersigned respectfully recommends that:

(i)   Plaintiff's request for default judgment (ECF No. 10) be **GRANTED**, and a permanent injunction be entered against Defendant;

(ii)   Plaintiff's request for statutory damages be **GRANTED IN PART**. Plaintiff should be awarded a total of $22,500 in statutory damages against Defendant.

(iii)   Plaintiff's request for attorneys' fees and costs (ECF No. 10) be **GRANTED IN PART**. Plaintiff should be awarded $2,100 in attorney's fees and $457 in costs.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). Failure

to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2020); *see Thomas v. Arn*, 474 U.S. 140 (1985).

      **DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida on October 19, 2021.

                                              ALICIA O. VALLE
                                              UNITED STATES MAGISTRATE JUDGE

cc:  U.S. District Judge Kathleen Williams
      All Counsel of Record